UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                                Case No.: 18-15342-SMG

ENCOMPASS COMPLIANCE CORP,                    Chapter 7

                    Debtor.
_____/

**TRUSTEE'S MOTION TO COMPEL WITNESS CHRIS DIAZ, INDIVIDUALLY
AND AS CORPORATE REPRESENTATIVE OF TITANIUM 6, LLC, TO PRODUCE
DOCUMENTS AND APPEAR FOR RULE 2004 EXAMINATION, AND FOR SANCTIONS**

Chapter 7 Trustee Kenneth A. Welt (the "Trustee"), pursuant to Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45, files this *Motion to Compel Witness Chris Diaz, Individually and as Corporate Representative of Titanium 6, LLC, to Produce Documents and Appear for Rule 2004 Examination, and for Sanctions*, and states:

1. On April 2, 2020, the Trustee's counsel issued a subpoena directing Chris Diaz, Individually and as Corporate Representative of Titanium 6, LLC (the "Witness") to (a) produce documents specified in the subpoena by April 16, 2020 at 5:00 p.m. ET, and (b) appear for a Rule 2004 examination on April 20, 2020, at 11:00 a.m. via virtual deposition (due to the Covid-19 pandemic). The Trustee's counsel served the subpoena via U.S. mail to the Witness at the address of 712 W 112 Street, Kansas City, MO 64114. A copy of the subpoena and the proof of service is attached to the Notice of Rule 2004 Examination *Duces Tecum* (ECF No. 174). The service address is the address where Titanium 6, LLC's prior counsel directed that correspondence, pleadings, and notices be sent in his notice of withdrawal (ECF No. 146).

2. The subpoena requests that the Witness provide the telephone number and email address to the Trustee's counsel's paralegal Lisa Negron at least 5 days prior to the deposition (by

1

April 15, 2020). The witness failed to provide this information to Ms. Negron.

3.     Nevertheless, Ms. Negron located a telephone number for the Witness from his website (titanium6.com) and had a conversation with him on April 17, 2020, in which she told him that she would send him a copy of the subpoena, but he told her that he would not produce responsive documents or appear for examination on April 20, 2020. Ms. Negron then sent the Witness a copy of ECF No. 174 via email to the email address listed on the titanium6.com website info@titanium6.com. A true and correct copy of the email is attached as Exhibit A. The Witness did not respond to the email or otherwise contact the Trustee's counsel.

4.     On April 16, 2020, the court reporting company Veritext sent an email to the Witness (at info@titanium6.com) with instructions to attend the virtual deposition (a link through the Zoom platform).

5.     The Witness failed to respond to the subpoena, failed to produce any requested documents, and failed to attend the Rule 2004 examination on April 20, 2020.

### Request for Relief

6.     The Trustee requests that the Court to (a) compel the Witness to produce the documents requested in the subpoena and appear for an examination within seven days, (b) sanction the Witness by requiring that the Witness pay the Trustee's attorney's fees and costs incurred in bringing this motion, and (c) hold the Witness in contempt and enter further sanctions against the Witness if he fails to comply.

### Basis for Relief

7.     Rule 9016 of the Federal Rules of Bankruptcy Procedure, adopts Rule 45 of the Federal Rules of Civil Procedure.  The court has the power, pursuant to Rule 45(g), to "hold in contempt a person whom, having been served, fails without adequate excuse to obey the subpoena."

8. Rule 45 requires delivering a subpoena to the named person, and courts have held that service of a subpoena does not require personal service and is effective when reasonably calculated to insure receipt of the subpoena by the witness. *See, e.g., Codrington v. Anheuser-Busch, Inc.*, 1999 WL 1043861, at *1 (M.D. Fla. Oct. 15, 1999) (noting that service of a subpoena by U.S. Mail was effective under Rule 45); (*In re Falcon Air Express, Inc.*, 2008 WL 2038799, at *2 (Bankr. S.D. Fla. May 8, 2008) (substitute service on witness's spouse was effective under Rule 45); *Rainey v. Taylor*, 2019 WL 1922000, at *2 (S.D. Fla. Apr. 30, 2019) (service via email was effective under Rule 45; citing the following cases as examples of effective service: "*See, e.g., In re MTS Bank*, 2018 WL 1718685, at *4 (S.D. Fla. Mar. 16, 2018) (applying the rule of reasonable calculation when the subpoena was delivered to the deponent's attorney and the deponent never denied being in receipt of the subpoena); *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 2019 WL 1323116, at *3-4 (S.D. Fla. Feb. 22, 2019) (permitting service of subpoenas via FedEx or UPS as such methods are reasonably calculated to ensure receipt of the subpoena by the witness); *S.E.C. v. Rex Venture Grp., LLC*, 2013 WL 1278088, at *2 (M.D. Fla. Mar. 28, 2013) (finding that service was effectuated when made by FedEx and certified mail)").

9. The Trustee submits that service in the manner made was proper service, and that the Witness may be held in contempt and sanctioned for his failure to comply with the subpoena, pursuant to Rule 45(g), Bankruptcy Rule 7037, Section 105 of the Bankruptcy Court, and the Court's inherent authority.

**WHEREFORE**, the Trustee seeks the entry of an Order granting this motion and the relief requested in paragraph 6 above, and for such other relief as is just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2020, I electronically filed this motion with the clerk of the court using CM/ECF, which is serving the document via transmission of Notices of Electronic Filing to those counsel or parties who are authorized to receive such notices, mailed this motion to Chris Diaz, Individually and on behalf of Titanium 6, LLC, 712 W. 112th Street, Kansas City, MO 64114, and emailed this motion to info@titanium6.com and chris@titanium6.com.

Dated: April 21, 2020

> NELSON MULLINS BROAD AND CSSEL
> Counsel for Trustee
> 100 S.E. 3rd Avenue, Suite 2700
> Ft. Lauderdale, FL 33394
> Ph. 954-764-7060—Fax 954-761-8135
>
> s/Michael D. Lessne
> Michael D. Lessne
> Fla. Bar No. 73881
> michael.lessne@nelsonmullins.com

**18-15342-RBR Notice will be electronically mailed to:**

Michael S Hoffman on behalf of Trustee Kenneth A Welt
Mshoffman@hlalaw.com, hlaecf@gmail.com;kszolis@hlalaw.com;
mshoffman@ecf.courtdrive.com

Michael D Lessne on behalf of Trustee Kenneth A Welt
michael.lessne@nelsonmullins.com,
jennifer.phillips@nelsonmullins.com;lisa.negron@nelsonmullins.com

Brett D Lieberman on behalf of Creditor NorthEast Investments LLC
brett@elrolaw.com, eservice@elrolaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Kenneth A Welt
fl10@ecfcbis.com;pacerfilings@gmail.com;kaw@trustesolutions.net;
court@trusteeservices.biz

# EXHIBIT "A"

**Lisa Negron**
___

| | |
|---|---|
| **From:** | Lisa Negron |
| **Sent:** | Thursday, April 16, 2020 1:09 PM |
| **To:** | info@titanium6.com |
| **Cc:** | Michael Lessne; Jennifer Phillips |
| **Subject:** | Encompass Compliance Corp. Chapter 7-20o4 Examination of Chris Diaz, Individually and on behalf of Tiatanium6 LLC |
| **Attachments:** | Encompass DE 174 - Notice of Rule 2004 Examination of Titanium 6, LLC - 4825-9122-8089 1.pdf |

Mr. Diaz,

Pursuant to our conversation, attached is a copy of the Notice of 2004 Exanimation and Subpoena for your attendance on April 20, 2020 at 11:00 a.m. via remote access. You will receive further directions from the Court Reporter via email as to the remote login for your Examination. Thank you.



**LISA NEGRON PARALEGAL**
lisa.negron@nelsonmullins.com
ONE NORTH CLEMATIS STREET
SUITE 500
WEST PALM BEACH, FLORIDA 33401

T (561) 366-5362   F 561.655.1109
NELSONMULLINS.COM
*In Florida, known as Nelson Mullins Broad and Cassel*

1